IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TURTLE ISLAND FOODS SPC d/b/a/ THE TOFURKY COMPANY, and the PLANT BASED FOODS ASSOCIATION, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:23-cv-01032-CM |
| GREG ABBOTT, in his official capacity as Texas Governor; JENNIFER A. SHUFORD, in her official capacity as Commissioner of State Health Services; CECILE ERWIN YOUNG, in her official capacity as Executive Commissioner of the Texas Department of Health and Human Services Commission; and Attorney General KEN PAXTON, on behalf of himself and all Texas prosecuting attorneys, | § § § § § § § § § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' SUPPLEMENTAL BRIEF

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Division Chief, General Litigation

WILLIAM H. FARRELL
Assistant Attorney General
Attorney-In-Charge
Texas Bar No. 00796531
Federal ID No. 21733
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:  (512) 979-5561
Facsimile:  (512) 320-0667

**ATTORNEYS FOR DEFENDANTS**

## INTRODUCTION

On December 16, 2025, the Court entered an Order for Plaintiffs to file a supplemental brief on the application of *Moody v. NetChoice, LLC,* 603 U.S. 707, 723 (2024) to their Cross-Motion for Summary Judgment and inform the Court as to whether each of their claims request facial or as-applied relief. Dkt. 58. By the same order, Defendants are permitted to address the same issues. Defendants address the two identified issues herein and respectfully request the Court find Plaintiffs have failed to establish that S.B. 664 fails to pass constitutional scrutiny under any of the claims asserted and grant Defendants' Motion for Summary Judgment.

## ARGUMENTS AND AUTHORITIES

### I. Plaintiffs' Claims are a Facial Challenge to S.B. 664.

Plaintiffs' claims can only be considered a facial challenge. The effective date of S.B. 664, as enacted, was September 1, 2023. Tex. S.B. 664, R. S. 88th Leg. (2023). Plaintiffs filed their Original Complaint on August 31, 2023, seeking "injunctive relief preventing enforcement of the [l]aw." By filing before S.B. 664 had even taken effect, the statute could not have possibly been applied to Plaintiffs or any other party or non-party at that time. Indeed, "Plaintiffs have brought a ***pre-enforcement*** challenge." Dkt. 56 at 4 (emphasis in original).

Nor is there any indication S.B. 664 has been applied or otherwise caused any injury to Plaintiffs since the effective date, as none of the Defendants have taken any action against a plant-based food manufacturer. *See* Dkt. 52 at 7. Defendants are not even aware of any plant-based product that has been determined to be misleading. *Id.* Accordingly, Plaintiffs' claims can only be considered a facial challenge. Justice Thomas explained the difficulties in properly mounting a facial challenge when there has been a lack of enforcement. "Facial challenges enable federal courts to review the constitutionality of a statute in many or all of its applications—often before the statute

has ever been enforced." *Moody,* 603 U.S. at 757 (Thomas, J., concurring in the judgment). "When courts take on the supervisory role of judging statutes in the abstract, they thus 'assume a position of authority over the governmental acts of another and co-equal department, an authority which plainly [they] do not possess." *Id.*

## II. Plaintiffs' Claims Fail under *Moody*.

Plaintiffs chose to litigate this case as a facial challenge, and "that decision comes at a cost." *Moody,* 603 U.S. at 723. Precisely because Plaintiffs' claims rest on "speculation about the law's coverage and its future enforcement" and "threaten to short circuit the democratic process by preventing duly enacted laws from being implemented in constitutional ways," the Court has made facial challenges hard to win." *Id.* (citations omitted).

Regardless of the either standard applied by the Court, Plaintiffs' facial challenge fails. Outside of a First Amendment challenge, "a plaintiff cannot succeed on a facial challenge unless he establish[es] that no set of circumstances exists under which the [law] would be valid" or shows that the law lacks "a plainly legitimate sweep." *Id.* In the First Amendment context, that very high bar has been lowered to allow courts to determine "whether a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id.* (citations omitted). Plaintiffs are certainly unable to establish that no set of circumstances exist under which it would be permissible for the State of Texas to enforce S.B. 664 against misbranded commercial food items sold to consumers or that the prohibition against misbranding such items lacks a "plainly legitimate sweep." As such, the Court must "determine what [S.B. 664] covers" and "which of the laws' applications violate the First Amendment" measured against the rest. *Id.* at 725. To decide Plaintiffs' facial challenge, the Court must explore S.B. 664's full range of applications—the constitutionally impermissible and permissible both—and compare the two sets.

*See id.* at 726.

First, what does S.B. 664 cover. Prior to enactment of S.B. 664, Texas Health & Safety Code § 431.082 already prohibited misbranded foods if (a) its labeling was false or misleading, (b) its advertising was false or misleading, (c) it was offered for sale under the name of another food, or (d) was an imitation of another food without indicating it was an imitation. Recognizing and welcoming the increase in variety at the food counter created by recent technological advancements giving companies the ability to create foods from non-traditional sources, S.B. 664 addressed the issue of unclear labeling by adding clarity and transparency for protection to Texas consumers by providing prominent and uniform labeling guidelines. *See* Author's Statement of Intent[1]; Dkt. 52 at 24-25; Dkt. 55 at 13.

S.B. 664 added Section (d-1) to Tex. Health & Safety Code § 431.082 to require analog products, defined as a food product derived by combining processed plant products . . . to approximate the texture, flavor, or appearance of egg, fish, meat or poultry products, to specifically indicate at least one of the following: (1) analogue; (2) meatless; (3) plant-based; (4) made from plants; or (5) a similar qualifying term intended to clearly communicate to a consumer the contents of the product. Plaintiffs admit the First Amendment "protects consumers' right to receive non-misleading commercial information," Dkt. 53 at 9, and "state laws have long prohibited any misrepresentations in the marketing or labeling of food products." Dkt. 13 at ¶ 58. This is all S.B. 664 does—prohibits "misbranding" under Tex. Health & Safety Code § 431.082. As explained by Dr. Stevenson, the Deputy Commissioner for the Consumer Protection Division Texas Department of State Health Services, "[S.B. 664] ensure[s] clear labeling regarding those products

---

[1] S. Comm. Rep., 88th Sess., Author/Sponsor's Statement of Intent (Tex. 2023), https://capitol.texas.gov/tlodocs/88R/analysis/pdf/SB.00664F.pdf

*Defendants' Supplemental Brief*                                                                                                 3

that may be sold as meat, poultry, or fish, and it's clear on the label that it is plant-based to indicate it's not the same kind of meat." Dkt. 52, Ex. A.

Second, the Court must determine "which of the laws applications violate the First Amendment." *Moody,* 603 U.S. at 725. Notwithstanding the parade of hypotheticals set forth by Plaintiffs in their Amended Complaint, Dkt. 13, any application that may violate the First Amendment is nothing more than speculation as Defendants are not aware of "*any* plant-based product that's been determined to be misleading in Texas." Dkt. 52 at 7; *see also* Dkt. 52 at Ex. A. Indeed, as Ms. Erin Ranson, Chief Growth Officer of Tofurky explained, "producers of plant-based meat alternatives do not want their products to be mistaken for animal-based counterparts, lest their products lose their primary appeal—that they are meat options not made from animals." Dkt. 52 at 18; *see also* Dkt. 52 at Ex. B.

Plaintiff Tofurky further indicated its intent "to continue its current . . . labels nationwide." Dkt. 55 at 2; *see also* Dkt. 53 at 3 (citing Ransom Decl. at ¶ 7). Absent any indication disputing the veracity of such statement, there is similarly no indication that Plaintiff Tofurky's labels would potentially run afoul of S.B. 664's prohibitions since Defendants are not currently aware of any misleading plant-based product label. Lacking any intent "to engage in a course of conduct arguably affected" by S.B. 664 which would necessarily include the misbranding of its products, Plaintiffs' challenge fails under *Turtle Island Foods, S.P.C. v. Strain,* 65 F.4th 211, 215-16 (5th Cir. 2023) (citing *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 159 (2014)).

Nor do Plaintiffs dispute that none of the Defendants have taken any steps against a plant-based food manufacturer, retailer or distributor, either in the form of a letter, detaining product or administrative penalty as a result of an alleged violation of S.B. 664. Dkt. 52 at 7. The Supreme Court has "repeatedly reiterated that the threatened injury must be *certainly impending* to

*Defendants' Supplemental Brief*                                                                                                                  4

constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 409 (2013) (emphasis in original). So too here.

The Supreme Court has "insisted that parties mounting facial challenges satisfy demanding requirements" and "establish that no set of circumstances exists under which the [law] would be valid." *Moody,* 603 U.S. at 778 (Alito, J., concurring in judgment) (textual changes in original). And, all of the Justices have agreed "that a facial challenge must fail where the statute has a 'plainly legitimate sweep.'" *Id.* Even the Plaintiffs agree the State has an "interest in protecting consumers." Dkt. 55 at 7. The "plainly legitimate sweep" of S.B. 664 cannot be reasonably disputed, and Plaintiffs' facial challenge fails.

Facial challenges allow plaintiffs to immediately call upon a federal court to declare an entire statute unconstitutional, even before it has been applied to them. *Id.* at 758 (Thomas, J., concurring in the judgment). "The end result is that 'the democratic process' is 'short-circuited' and 'laws embodying the will of the people [are prevented] from being implemented in a manner consistent with the Constitution." *Id.* This Court should not allow a similar "short-circuiting" of the democratic process here and grant Defendants' Motion for Summary Judgment.

## PRAYER

Because Plaintiffs are unable to show there is "no set of circumstances under which [S.B. 664] would be valid or that the law "lacks a plainly legitimate sweep" as required under *Moody v. NetChoice, LLC,* 603, U.S. 707, 723 (2024), Defendants respectfully request that this Court grant Defendants' Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been served electronically through the court's CM/ECF electronic-filing system on this 16th day of January 2026, to:

Michael Swistara
Animal Legal Defense Fund
525 East Cotati Avenue
Cotati, CA 94931
(707) 795-2533
Email: mswistara@aldf.org
Admitted Pro hac vice
**Attorney for Plaintiffs**

Tarak Anada
Jones Walker, LLP
201 St. Charles Avenue, Suite 4900
New Orleans, LA 70170
(504) 582-8322
Email: tanada@joneswalker.com
**Attorney for Plaintiffs**

Martin Darren Hebel Woodward
Kitner Woodward PLLC
13101 Preston Road
Suite 110
Dallas, TX 75240
(214) 443-4304
Email: martin@kitnerwoodward.com
**Attorney for Plaintiffs**

      /s/ *William H. Farrell*
      **William H. Farrell**
      Assistant Attorney General